UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MILTON MURRAY,

       Plaintiff,                                FILE NO. 2:06-CV-254

v.                                        HON. ROBERT HOLMES BELL

PAUL EYKE,

       Defendant.
_____/

**ORDER AND JUDGMENT ADOPTING REPORT AND RECOMMENDATION**

       This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to the Magistrate Judge for screening, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c). The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that this Court dismiss the action for failure to state a claim (docket #4). The matter presently is before the Court on Plaintiff's objections to the R&R (docket #5).

       This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

       In his complaint, Plaintiff alleges that, before his incarceration in 1994, he was prescribed antidepressant medication. Upon his initial intake, he was given a medical detail for special accommodation, continuing his medication. Plaintiff alleges that, notwithstanding

the medical detail, his antidepressants were discontinued in 1995 and never restarted. He alleges that Defendant Eyke repeatedly has examined him, but has refused to prescribe antidepressants, determining them to be medically unnecessary.

The Magistrate Judge concluded that Plaintiff had failed to allege an Eighth Amendment violation based on denial of adequate medical care. In his objections, Plaintiff principally argues that, under Michigan Department of Corrections ("MDOC") regulations, his medical accommodation should not have been terminated.

The failure to follow MDOC policies and procedures does not support a § 1983 claim. *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687 at *1 (6th Cir. April 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).

Plaintiff next objects that, because he previously had been prescribed psychoactive medications, any failure to continue those medications necessarily amounts to malpractice and violates the Eighth Amendment. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth

Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

As the Magistrate Judge recognized, the Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* Plaintiff repeatedly has been examined by Defendant. While he disagrees with Defendant's medical conclusions, Plaintiff fails to allege deliberate indifference to his serious medical needs, as required to support an Eighth Amendment claim.

Having considered each of Plaintiff's objections and finding no error, the Court hereby denies Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge as the opinion of the Court. Accordingly,

**IT IS ORDERED** that Plaintiff's objections (docket #5) to the Report and Recommendation of the Magistrate Judge are **DENIED** and the Report and Recommendation of the Magistrate Judge is **ADOPTED** in its entirety as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).


Dated:   January 9, 2007               /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                CHIEF UNITED STATES DISTRICT JUDGE